# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JORDAN HEATH,<br>　　　　Plaintiff, | )<br>) 　Civil Action No. 13-1317Pittsburgh<br>) |
| v. | )<br>) |
| FRANK LEWIS, et al,<br>　　　　Defendants. | ) 　Magistrate Judge Baxter<br>) |

## MEMORANDUM OPINION AND ORDER

**Relevant Procedural History**

The operative complaint in this civil action is the Amended Complaint filed at ECF No. 11. See ECF No. 21. As Defendants[1] to this action, Plaintiff has named Frank Lewis, head of the Chaplaincy Department at SCI Fayette; John E. Wetzel, Secretary of the Department of Corrections; and Debra Hawkinberry, a Department of Corrections employee in the Chaplaincy Department at SCI Fayette. In his Amended Complaint, Plaintiff alleges that Defendants Lewis, Wetzel, and Hawkinberry violated his constitutional rights under the Free Exercise and Establishment Clauses of the First Amendment, and the Eighth and Fourteenth Amendments, as well as his statutory rights under the Religious Land Use and Institutionalized Persons Act.

Plaintiff claims that Defendants are "trying to deny me Jewish reading material (e.g. Torah, Zohar) and try and give the Plaintiff or try and offer a Jewish made a prostatian Bible (e.g. Christianity Bible)." ECF No. 11, page 3. Plaintiff further alleges that Hawkinberry and Lewis have violated several provisions of the Code of Ethics and that Wetzel has not made any

---

[1] Although the docket also reflects that the "Commonwealth of Pennsylvania Department of Corrections" is a named Defendant to this action, that entity is not named in the operative complaint.

1

attempt to resolve any of Plaintiff's issues. Id. Plaintiff seeks declaratory and injunctive relief, as well as monetary damages.

Plaintiff is no longer incarcerated at SCI Fayette, as he has been transferred to SCI Camp Hill. Despite his failure to serve the Defendants with this action, Plaintiff has filed several motions seeking preliminary injunctive relief.[2]

**Standard of Review**

Preliminary or temporary injunctive relief is "a drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed.Cir.1993); see also Hoxworth v. Blinder, Robinson & Co. Inc., 903 F.2d 186, 189 (3d Cir. 1990). The four factors that must be shown for the issuance of a temporary restraining order are the same as those required to issue a preliminary injunction. Fink v. Supreme Court of Pennsylvania, 646 F.Supp. 569, 570 (M.D.Pa. 1986).

In determining whether to grant a preliminary injunction, a court must consider whether the party seeking the injunction has satisfied four factors: "1) a likelihood of success on the

---

[2] *Pro se* pleadings, however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may make inferences where it is appropriate.

merits; 2) he or she will suffer irreparable harm if the injunction is denied; 3) granting relief will not result in even greater harm to the nonmoving party; and 4) the public interest favors such relief." Bimbo Bakeries USA, Inc. v. Botticella, 613 F.3d 102, 109 (3d Cir. 2010) quoting Miller v. Mitchell, 598 F.3d 139, 145 (3d Cir. 2010). See also Fed.R.Civ.P. 65.

As a court sitting in equity, the district court must weigh the four factors, but it is not incumbent on the movant to prevail on all four factors, only on the overall need for an injunction. Neo Gen Screening, Inc. v. TeleChem Intern., Inc., 69 Fed.App'x 550, 554 (3d Cir. 2003). A sufficiently strong showing on either the likelihood of success or irreparable harm may justify an injunction, even if a movant's showing on the other two factors is lacking. Id. Because a preliminary injunction is an extraordinary remedy, the party seeking it must show, at a minimum, a likelihood of success on the merits **and** that they likely face irreparable harm in the absence of the injunction. See Adams v. Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir. 2000); Hohe v. Casey, 686 F.2d 69, 72 (3d Cir. 1989). The burden of introducing evidence to support a preliminary injunction is on the moving party with respect to the first two factors; however, the same is not true of the second two factors. Neo Gen Screening, 69 Fed.App'x at 554.

These limitations on the power of courts to enter injunctions in a correctional context are further underscored by statue. Specifically, 18 U.S.C. § 3626 limits the authority of courts to enjoin the exercise of discretion by prison officials, and provides that:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C.A. § 3626(a)(1)(A).

The statute further instructs that:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity … in tailoring any preliminary relief.

18 U.S.C.A. § 3626(a)(2).

Moreover, where the requested preliminary injunction "is directed not merely at preserving the *status quo* but … at providing mandatory relief, the burden on the moving party is particularly heavy." Punnett v. Carter, 621 F.2d 578, 582 (3d Cir. 1980). Mandatory injunctions should be issued only sparingly. United States v. Price, 688 F.2d 204, 212 (3d Cir. 1982). Thus, a request for any form of mandatory prospective relief in the prison context "must always be viewed with great caution because judicial restraint is specially called for in dealing with the complex and intractable problems of prison administration." Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995).

**Plaintiff's Motion for a Preliminary Injunction Hearing – ECF No. 29**

In his first request for injunctive relief, Plaintiff explains:

> Plaintiff is sending the courts a [sic] exhibit containing a violation of my establishment clause of the First Amendment, freedom of religion violation, being oppressed by the Christian faith group Christian Chaplain/FCPD Frank Lewis. He is keep depriving me of Jewish reading materials from his chaplaincy library. He is keep trying every week to force Christianity upon a Jewish male. […]
>
> The Defendants have intercepted my mail going out the facility and Ms. Darla Linderman stated that she received 'a postage slip with nothing attached when received on 4-24-14 and Unit Manager Stephen F. BU225 and his staff kepted [sic] my mail and just sent my postage slip to the mailroom clerk not signed or anything. I ask that a preliminary injunction and a temporary restraining order be granted asap.

ECF No. 29. This motion was filed while Plaintiff was incarcerated at SCI Fayette and is not related to his present place of incarceration. Because of Plaintiff's transfer, his requests for injunctive relief have become moot and, accordingly, the motion will be dismissed as moot.

**Plaintiff's Motion regarding access to courts – ECF No. 31**

In his next motion for injunctive relief, Plaintiff invites this Court to ensure his access to the courts "by providing me with indigency status and have the state Department of Corrections give me 8 envelopes a week so that I can mail out my petitions to the courts and provide me with a good amount of white printing paper so that I can file my petition." ECF No. 31.

While prisoners have a constitutional right of access to the courts, Plaintiff has not shown that his access is being denied in any way. The right of access to the courts requires that a correctional institution provide some means "for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" Lewis v. Casey, 518 U.S. 343, 351 (1996). In order to prove a violation of the right of access to the courts, an inmate must show an "actual injury" by "demonstrat[ing] that the alleged shortcomings" in prison resources or assistance "hindered his efforts to pursue a legal claim." Id. at 351. Plaintiff has not shown that he has been hindered in his efforts to pursue his legal claims in this litigation and his motion for injunctive relief will be denied.

**Plaintiff's Motion for Temporary Restraining Order – ECF No. 34**

Next, Plaintiff filed another motion for temporary restraining order which reads:

> The Plaintiff is charging Defendant Wetzel in this case of retaliation against a Plaintiff in his official matters. The Defendant Wetzel's office secretaries Smeal, Burns, Irin Ireland are giving and using their executive power to harass inmate Health in this case. Since the begaining of these lawsuits being filed, I have lost

5

> 17 ½ pounds, my calories intake went from 3000 to 2700 to 1760 calories a day. I have been personally affected because the Department of Corrections is not begaining to act harress towards the Plaintiff Heath. My claims are my 8th Amendment cruel and unusual punishment conditions of confinement, I have lost 17 ½ pounds in 2 weeks to 3 months. I have also caught a chronic skin condition called tendeasis [partially illegible], psarisis, and a inflammation on my skin because I have lived in a dirty invoriment. They deiced to transferred me here to the SMU program inside the SCI Camphill because "CDC" came on 6/4/2014. I didn't agree to contract with these people nor sign a power attorney. 2# claim 14th Amendment and Equal Protection rights of the laws. 3rd: "you can't grieve a central office employee @ AU." I request a court order order the Department of Corrections to follow the Dept. of Health dietary allowance for a male 19 years old to 30 years old which is 3000 calories. 4th. Give me medical attention for my skin disease or pay me money damage for my pain and suffering.

ECF No. 34. Plaintiff filed this motion after his transfer to SCI Camp Hill.

Plaintiff's requests for injunctive relief are not related to the alleged constitutional violations of the underlying complaint in this civil rights action[3] and so Plaintiff cannot demonstrate that there is any likelihood of success on the merits as to those issues. See Little v. Jones, 607 F.3d 1245, 1251 (10th Cir. 2010) (for preliminary injunctive relief to be granted, there must be "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."); Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) ("Devose's motion is based on new assertions of mistreatment that are entirely different from th claim raised and the relief requested in his inadequate medical treatment lawsuit. Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit."); Banks v. Good, 2011 WL 2437061 (W.D. Pa. Apr. 20, 2011); Report and Recommendation adopted, 2011 WL 2418699 (W.D. Pa. June 14, 2011); Spencer v. Stapler, 2006 WL 2052704, at *9 (D.Ariz. July 21, 2006) ("Plaintiff's motion [for injunctive relief] concerns events that are unrelated to the subject of his complaint and that

---

[3] Plaintiff has filed other civil rights cases in this Court. Plaintiff's complaints about his diet have been raised in Heath v. Whipple, C.A. 13-282E.

6

concerns conduct of persons other than the defendants. Plaintiff's request will therefore be denied."); Westbank Yellow Pages v. BRI, Inc., 96 WL 255912, at *1 (E.D. La. May 13, 1996) ("A preliminary injunction is not an appropriate vehicle for trying to obtain relief that is not even sought in the underlying action.").

Furthermore, Plaintiff appears to seek to enjoin individuals who are not parties to the instant lawsuit. This effort runs afoul of the:

> "[G]eneral rule that a court may not enter an injunction against a person who has not been made a party to the case before it." Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc., 96 F.3d 1390, 1394 (Fed.Cir. 1996) citing Scott v. Donald, 165 U.S. 107, 117 (1897) ("The decree is also objectionable because it enjoins persons not parties to the suit."). Indeed, courts have refused to issue injunctions against non-parties. See U.S. Commodity Futures Trading Comm'n v. Amaranth Advisors, LLC, 523 F.Supp.2d 328, 334-35 (S.D.N.Y. 2007) (the court denied the defendant's motion for a preliminary injunction against the Federal Energy Regulatory Commission because it was not a party to the suit and it was not an "officer, agent, servant, employee, or attorney" of any party); Williams v. Platt, 2006 WL 149024, at *2 (W.D. Okla. Jan. 18, 2006) (unpublished) (the court denied the plaintiff's motion for an injunction noting that he had "not established a relationship between the preliminary injunction and the underlying civil rights claim, and he seeks to bind non-parties without any suggestion of active concert or participation by the named defendants").

Banks v. Good, 2011 WL 2437061 (W.D.Pa. Apr. 20, 2011), report and recommendation adopted, 2011 WL 2418699 (W.D. Pa. June 14, 2011).

The motion will be denied.

**Plaintiff's motion for "declaratory judgment" and Plaintiff's motion for preliminary injunction/protective order – ECF Nos. 35 and 36**

Finally, Plaintiff's motion for "declaratory judgement"[4] and motion for preliminary injunction/protection order seeks kosher meals or $1300 in compensatory damages. ECF No. 36.

---

[4] Although styled as a motion for declaratory judgment, this Court has liberally construed the relief Plaintiff seeks as injunctive in nature.

As previously noted, Plaintiff's complaints about his Kosher meals are unrelated to the claims raised in this civil rights action and these complaints have been raised in Heath v. Whipple, C.A. 13-282E. Furthermore, this Court is loath to interfere with the daily management decisions of prison administrators as the federal courts are not over-seers of the day-to-day operations of prisons. See Beard v. Banks, 548 U.S. 521 (2006) (prison officials should be afforded deference in the execution of policies that are needed to maintain institutional security); Wolfe v. McDonnell, 418 U.S. 539, 566 (1974) (prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking.").

In his motion for "declaratory judgment," Plaintiff also complains that unnamed SCI Fayette staff have retaliated again him by denying all his grievances and placing him on a 90-day grievance restriction. ECF No. 35. To the extent that Plaintiff seeks to enjoin SCI Fayette individuals who are not parties to this case, his request will be denied.

These motions will be denied.

An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORDAN HEATH, | ) | |
|     Plaintiff, | ) | Civil Action No. 13-1317Pittsburgh |
| | ) | |
| v. | ) | |
| | ) | |
| FRANK LEWIS, et al, | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

**O R D E R**

AND NOW, this 24TH day of July, 2014;

IT IS HEREBY ORDERED that Plaintiff's motion for preliminary injunction hearing [ECF No. 29] is dismissed as moot;

IT IS FURTHER ORDERED that Plaintiff's "motion to have the state Dept of Corrections give me envelopes a week and provide me with a good amount of white printing paper" [ECF No. 31] is denied;

IT IS FURTHER ORDERED that Plaintiff's motion for temporary restraining order [ECF No. 34] is denied;

IT IS FURTHER ORDERED that Plaintiff's motion for declaratory judgment [ECF No. 35] is denied; and

IT IS FURTHER ORDERED that Plaintiff's motion for preliminary injunction/protective order [ECF No. 36] is denied.

                                          /s/ Susan Paradise Baxter
                                          SUSAN PARADISE BAXTER
                                          United States Magistrate Judge