## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JORDAN HEATH,            )
         Plaintiff,      )      **Civil Action No. 13-1317Pittsburgh**
                     )
     v.               )
                     )
FRANK LEWIS, et al,        )      **Magistrate Judge Baxter**
         Defendants.    )

## MEMORANDUM OPINION

Magistrate Judge Susan Paradise Baxter[1]

### Relevant Procedural History

The operative complaint in this civil action is the Amended Complaint filed at ECF No. 11. See ECF No. 21. As Defendants to this action, Plaintiff has named Frank Lewis, head of the Chaplaincy Department at SCI Fayette; John E. Wetzel, Secretary of the Department of Corrections; and Debra Hawkinberry, an employee in the Chaplaincy Department at SCI Fayette.[2] In his Amended Complaint, Plaintiff alleges that Defendants Lewis, Wetzel, and Hawkinberry violated his constitutional rights under the Free Exercise and Establishment Clauses of the First Amendment, and the Eighth and Fourteenth Amendments, as well as his statutory rights under the Religious Land Use and Institutionalized Persons Act.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment.

[2] Although the docket also reflects that the "Commonwealth of Pennsylvania Department of Corrections" is a named Defendant to this action, that entity is not named in the operative complaint.

1

Plaintiff claims that Defendants are "trying to deny me Jewish reading material (e.g. Torah, Zohar) and try and give the Plaintiff or try and offer a Jewish male a prostatian Bible (e.g. Christianity Bible)." ECF No. 11, page 3. Plaintiff further alleges that Hawkinberry and Lewis have violated several provisions of the Code of Ethics and that Wetzel has not made any attempt to resolve Plaintiff's issues. Id. Plaintiff seeks declaratory and injunctive relief, as well as monetary damages.

In response to the Amended Complaint, Defendants have filed a motion to dismiss. ECF No. 57. Plaintiff has filed an opposition brief captioned as "Motion for Opposition." ECF No. 63. This matter is fully briefed and is ripe for disposition by this Court.

## Standards of Review

### 1) *Pro se* litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("[W]e should recognize that a habeas corpus petition prepared by a prisoner without the aid of counsel may be inartfully drawn and should therefore be read 'with a measure of tolerance.'"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint

in favor of the complainant.  <u>Gibbs v. Roman</u>, 116 F.3d 83 (3d Cir. 1997), <u>overruled</u> <u>on</u> <u>other</u> <u>grounds</u> <u>by</u> <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307 (3d Cir. 2001).  <u>See, e.g.</u>, <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); <u>Markowitz v.</u> <u>Northeast Land Company</u>, 906 F.2d 100, 103 (3d Cir. 1990)(same).  Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### 2)  Motion to dismiss pursuant to Rule 12(b)(6) [3]

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true.  <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face."  <u>Twombly</u>, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard set forth in <u>Conley v. Gibson</u>, 355 U.S. 41 (1957)). <u>See also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009) (specifically applying <u>Twombly</u> analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint.  <u>See California Pub. Employee Ret. Sys. v. The Chubb Corp.</u>, 394 F.3d 126, 143 (3d Cir. 2004) <u>citing</u> <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. <u>Twombly</u>, 550 U.S. at 555, <u>citing</u> <u>Papasan v. Allain</u>, 478 U.S.  265,  286 (1986). <u>See</u> <u>also</u>

---

[3] Generally, when a court looks to exhibits, it must convert the motion to dismiss into a motion for summary judgment. <u>See</u> <u>Burns v. Harris County Bail Bond Bd.</u>, 139 F.3d 513, 517 (5th Cir. 1998) ("When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment."). However, the Third Circuit has recognized an exception to the general rule finding that "a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1426 (3d Cir. 1997).

McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

The Third Circuit has expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

**Defendants' Motion to Dismiss**

Defendants move to dismiss this action arguing that Plaintiff has failed to adequately allege the personal involvement of each of them.

In a § 1983 action, a plaintiff must show that each and every defendant was "personal[ly] involve[d]" in depriving him of his constitutional rights. <u>Evancho v. Fischer</u>, 423 F.3d 347, 353 (3d Cir. 2006). When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. <u>Chinchello v. Fenton</u>, 805 F.2d 126, 133 (3d Cir. 1986). There is no liability for a supervising or reviewing defendant based on the theories of <i>respondeat superior</i> or vicarious liability. <u>Shaw v. Stackhouse</u>, 920 F.2d 1135, 1147 (3d Cir. 1990).

Plaintiff's allegations against Lewis and Hawkinberry boil down to this: Plaintiff utilized the inmate grievance procedures to grieve his inability to get the religious materials of his choosing and Defendants' responses to those grievances were unsatisfactory to Plaintiff. <u>See</u> ECF No. 11, page 2.[4] Plaintiff's allegations against Lewis and Hawkinberry are insufficient to state a claim against them as the factual allegations are limited to Defendants' participation in the grievance process. If a grievance official's only involvement is investigating and/or ruling on an inmate's grievance after the incident giving rise to the grievance has already occurred, there is no personal involvement on the part of that official. <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1208 (3d Cir. 1988). It is "well established that the filing of a grievance is not sufficient to show the actual knowledge necessary for a defendant to be found personally involved in the alleged unlawful conduct." <u>Mearin v. Swartz</u>, 951 F.Supp.2d 776, 782 (W.D. Pa. 2013). <u>See</u> <u>also</u> <u>Jefferson v.</u>

---

[4] In his Amended Complaint, Plaintiff explicitly identifies Grievance Number 414977 as the grievance at issue. The response to the initial grievance explains that limited materials are permitted into the RHU (Restricted Housing Unit) and that Rabbi Stein decided that he could not spare one of his limited number of Torahs for Plaintiff in the RHU. ECF No. 58-2, page 10. Moreover, Chaplain Lewis offered Plaintiff a Bible containing the Torah, as well as the opportunity to purchase his own Torah or Zohar. <u>Id</u>.

Wolfe, 2006 WL 1947721, at *17 (W.D. Pa. 2006) (allegation that a prison official denied a grievance was insufficient to establish personal involvement).

As to Defendant Wetzel, the Secretary of the Pennsylvania Department of Corrections, Plaintiff only alleges that he revised DC-ADM 819 on Religious Activities in March of 2013. Such an allegation fails to state a constitutional claim against Defendant Wetzel.

In his opposition brief, Plaintiff contends that Wetzel is liable "for any actions any of his staff displays (sic) also he is reliable (sic) for any bad conducts being done or committed under his jurisdiction" and that Wetzel has "direct liability for making sure that all rules and regulations are followed, that includes providing the Plaintiff with religious services and protecting my constitutional rights." ECF No. 63, pages 2-3. As to Defendants Lewis and Hawkinberry, Plaintiff argues that they, along with Wetzel, "are very responsible for what goes on inside there (sic) respectable (sic) dept. staff." Id. at page 4. Plaintiff's arguments in opposition to the motion to dismiss are the very definition of *respondeat superior* liability, for which no § 1983 action lies. The motion to dismiss will be granted.


**Futility of Amendment**

Plaintiff should not be permitted to further amend his complaint as he has been granted multiple opportunities to do so.

Federal Rule of Civil Procedure 15(a)(2) states that "the court should freely give leave when justice so requires." Id. "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules

require, be freely given." Foman v. Davis, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure).

In this case, any further allowance of amendment unduly prejudices Defendants and is a drain on judicial resources. Plaintiff has received several opportunities to amend his original complaint. See ECF No. 3 (directing that Plaintiff file an amended complaint)[5]; ECF No. 6 (show cause order directing Plaintiff to show cause for his failure to file amended complaint); ECF No. 10 (hearing held on Plaintiff's failure to file the amended complaint and extension of time to file amended complaint granted); ECF No. 18 (order denying Plaintiff's multiple motions to file multiple amended complaints and directing Plaintiff to file a single all-inclusive amended complaint)[6]; ECF No. 21 (order directing that ECF No. 11 serve as the operative complaint, according to Plaintiff's intention expressed in his correspondence); and ECF No. 22 (motion for leave to file another amended complaint).

This Court recognizes that Plaintiff is acting *pro se* and we have repeatedly liberally construed Plaintiff's filings in his favor. However, due to the prejudice to Defendants, as well as Plaintiff's repeated inability to cure the identified deficiencies of previously filed complaints, this Court will not allow any further amendment. See Baumgardner v. Ebbert, 2013 WL 4047436, at *3 n.2 (3d Cir. 2013) ("Having had two opportunities to amend his complaint, we agree with the District Court that allowing Baumgardner to amend for a third time would be futile.").

---

[5] This Order directed that Plaintiff file a single all-inclusive amended complaint containing all of Plaintiffs factual and legal allegations and naming all of the Defendants against whom Plaintiff wished to proceed. ECF No. 3.

[6] This Order directed that the amended complaint must clearly list all Defendants and detail the claims against each one of them so that this pleading could be served upon Defendants. ECF No. 18.

An appropriate Order follows.


/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: September 8, 2015